FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 20 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DAVID EHRICH and CAMILLE WEISS

                                        Plaintiffs,

       -against-

I.C. SYSTEM, INC.

                                        Defendant.
-------------------------------------------------------------------

CLASS ACTION COMPLAINT

CV-09 726

TRAGER, J.
GO, M.

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. §1331.

3.     Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiffs resides in this District.

4.     Plaintiffs are residents of the State of New York who resides in the district.

5.  Plaintiffs are "Consumers" as that term is defined by §1692(a)(3) of the FDCPA in that the alleged debts that the defendant, sought to collect from plaintiffs is a consumer debt.

6.  Upon information and belief, defendant is an active New York business, which caused the collection letters complained of herein to be sent within the county of Queens and the county of Nassau, State of New York.

7.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.  Defendant is a "Debt Collector" as that term is defined by §1692(a)(6) of the FDCPA.

9.  Plaintiffs received direct communications from defendant, in the form of an initial written notice, on or about April 21, 2008 and on or about November 26, 2008, respectively.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiffs and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiffs' complaint until the present, which indicated in Spanish "Si ud tiene alguna pregunta acerca de custa cuenta llame 800/270-9420 y referir al numero de su cuenta." Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692g and 1692e.

   b. Whether plaintiffs and the Class have been injured by the defendant's conduct; and

   c. Whether plaintiffs and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14. Plaintiffs' claims are typical of the claims of the Class, and plaintiffs has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiffs re-allege and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiffs.

21. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Defendant violated section 1692g by overshadowing what is commonly referred to as the 30-day notice. Defendant violated §1692e by using false and deceptive means in connection with the collection of the debt and by overshadowing the notice required to be given pursuant to §1692e(11).

4

23. Defendant violated §1692g and §1692e, by inserting language in Spanish specifically designed for those consumers for whom Spanish was better understood than English, and who would not understand, or who would not understand as well, the notices contained in English, but would understood or would have a better understanding of the language contained in Spanish.

24. The specific language complained of within the letter is as follows: "Si ud tiene alguna pregunta acerca de custa (sic) cuenta llame 800/270-9420 y referir al numero de su cuenta." (If you have some question regarding your account call 800/270-9420 and refer to your account number. Translated with the aid of www.spanishdict.com).

**WHEREFORE**, plaintiffs respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representative;

b) Awarding plaintiffs and the class statutory damages;

c) Awarding plaintiffs and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiffs and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
February 19, 2009

Plaintiffs request trial by jury on all issues so triable.

Lawrence Katz


Law Offices of Lawrence Katz, P.C.
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404